## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| **IN RE:** | |
| **WENDY SUE PEDERSEN and JEFFREY LYLE PEDERSEN,** | **Case No. 13-40824-NGH** |
| **Debtors.** | |
| **KIMBERLY L. STEVENS,** | |
| **Plaintiff,** | |
| **v.** | |
| **WEITZ & LUXENBERG, PC, NIEMEYER GREBEL & KRUS, LLC, JOEL NASH, L.P.A., and ARCHER SYSTEMS, LLC,** | **Adv. No. 24-08011-NGH** |
| **Defendants.** | |

## SUMMARY ORDER DENYING MOTION TO RECONSIDER

On December 22, 2025, the Court entered a memorandum of decision determining Plaintiff's motion for summary judgment would be granted and declaring the cause of action at issue to be property of the estate. Doc. No. 54. The Court then denied Defendants' motion to retain and vacated the scheduled trial. Doc. No. 58. On February 19, 2026, the Court entered a judgment consistent with its prior rulings. Doc. No. 66. On March 5, 2026, defendants Weitz & Luxenberg, PC, Niemeyer Grebel & Krus, LLC, and Joel Nash, L.P.A., (the "Moving Parties") filed a motion to reconsider and a supporting

ORDER - 1

memorandum.  Doc. Nos. 70 and 71.  The motion cites to Federal Rule of Bankruptcy

Procedure 9023, which incorporates Federal Rule of Civil Procedure 59(e), and Federal

Rule of Bankruptcy Procedure 9024, which incorporates Federal Rule of Civil Procedure

60(b) as the basis for relief.[1]  It does not specifically request oral argument.  However,

the Moving Parties contacted the Court's courtroom deputy and requested a hearing date.

When presented with requests to "reconsider" rulings, the Court may evaluate the

submissions made and the contentions raised without requiring responses from other

parties and without hearing.  While the Court may exercise its discretion and allow a

hearing on such motions, a hearing is not inflexibly required.  *See In re Genay-Wolf*,

2012 WL 2871685, at *1 (Bankr. D. Idaho July 12, 2012) (dealing with request for

reconsideration under Civil Rule 60 and Rule 9024).  Here, the Court determines neither

a response, nor an oral argument, is necessary.  The motion may be resolved on the

existing record.

As noted, the Moving Parties cite both Civil Rule 59(e) and Civil Rule 60(b)(6).[2]

Thus the Court will analyze both.

### A.     Civil Rule 59(e)

The Ninth Circuit has phrased the Civil Rule 59(e) standard as follows:

[A] motion for reconsideration should not be granted, absent highly unusual
circumstances, unless the district court is presented with newly discovered

---

[1] Unless otherwise indicated, all statutory citations are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.  Additionally, all citations to "Rule" are to the Federal Rules of Bankruptcy Procedure and all citations to "Civil Rule" are to the Federal Rules of Civil Procedure.

[2] The Moving Parties correctly note that motions to reconsider brought within 14 days of entry of the judgment fall within Civil Rule 59, and, while rarely used, Civil Rule 60(b) may also apply if the motion is brought within that 14-day time period.

ORDER - 2

evidence, committed clear error, or if there is an intervening change in the controlling law.

*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). Thus, it is up to the Moving Parties to demonstrate a manifest error of fact, a manifest error of law, newly discovered evidence or an intervening change in the law which will convince the Court to reverse its prior decision.

Here, the Moving Parties assert the Court erred in granting Plaintiff's motion for summary judgment because (1) Plaintiff, as the chapter 7 trustee, did not demonstrate she was entitled to the property at issue as there was no legal authority giving the bankruptcy estate a right to benefit from the "unexpected ability of the Moving Parties to be able to obtain the Settlement Funds under the terms of the Private Settlement Program" as the cause of action was time-barred, and (2) Plaintiff did not demonstrate that she was entitled to the property at issue because Debtors "lacked standing to execute the Release (as a matter of law), which nullifies any right to the Settlement Funds and the Trustee has not established a right to the Settlement Funds, in any event, under Rule 9019." Thus, it appears the Moving Parties assert that the Court erred as a matter of law when analyzing the undisputed facts presented to it.

The Moving Parties argue, as they did in their motion to retain, that the personal injury cause of action had no value at the time Debtors filed their bankruptcy petition and thus it was not property of the estate. The Court did not accept that argument when it was initially made and does not do so now. The Moving Parties cite cases where a post-petition change in the law created a legal right based on pre-petition activities, and under

ORDER - 3

those facts, courts have concluded that the post-petition right was not property of the estate. However, that is not what occurred here. There was no post-petition change in law to create the right, only a post-petition discovery of a causal connection which, under Idaho law, did not alter when the cause of action accrued. The Moving Parties reliance on *In re Maeder*, 2025 WL 3298322 (Bankr. E.D.N.Y Nov. 26, 2025), does not change the Court's analysis. Clearly such a decision is not binding on this Court, nor is it persuasive authority under these facts.

The Moving Parties argue that the personal injury cause of action, which underpins the settlement and attorneys' fees at issue, held no value as it was barred by the expiration of the statute of limitations.[3] They argue that it was only their efforts that created a "Private Settlement Program" that allowed Debtors to realize any benefit from the stale cause of action. However, the benefit did stem from that cause of action, which is property of the estate. Nothing in the appreciation of that cause of action's value from zero to the settlement amount changes that fact. As the Court stated in its oral ruling on the motion to retain, post-petition appreciation inures to the benefit of the estate under § 541(a)(6). *See Schwaber v. Reed (In re Reed)*, 940 F.2d 1317, 1323 (9th Cir. 1991); *Wilson v. Rigby*, 909 F.3d 306, 309 (9th Cir. 2018).

---

[3] The Court determined the cause of action was property of the estate based on when the cause of action accrued under Idaho law. It did not and has not analyzed the appropriate statute of limitations under these facts. The Court concludes such a determination is irrelevant to whether the cause of action, and the proceeds thereof, is property of the estate. Even assuming the cause of action was subject to a statute of limitations defense, such a defense may be waived. Here, Monsanto voluntarily paid a settlement to Debtors based on the cause of action, and those funds, as proceeds of the cause of action, are property of the estate.

ORDER - 4

While the Moving Parties focus on the value of the cause of action on the petition date, the determination of value is not the test to determine whether a cause of action is property of the estate.  Thus, the Court concludes there was no legal error in holding that the cause of action, which accrued pre-petition, is property of the estate.

The Moving Parties also argue that there was an error of law because, assuming the cause of action was property of the estate, Debtors lacked standing to release liability and enter into the settlement agreement and thus the agreement is invalid, and Trustee has no right to the proceeds.  Following that logic, the Moving Parties would likewise have no right to the attorneys' fees.  However, a settlement agreement based on the pre-petition cause of action was reached.  Funds were paid that were attributable to the personal injury cause of action, and attorneys' fees were transferred to the Moving Parties post-petition without Court approval.  The Moving Parties, as the recipient of those funds, must turn them over to Plaintiff.  Whether the settlement agreement was valid to release the estate's claims against Monsanto or not may be an issue to be litigated between Trustee and Monsanto, but it does not impact the determination that the Moving Parties must turnover the funds.  In other words, how the funds were generated does not alter the fact that they stem from property of the estate.

**B.    Civil Rule 60(b)(6)**

Civil Rule 60(b)(6) authorizes a court to relieve a party from an order for "any other reason that justifies relief."  This phrase, though seemingly quite broad, has been narrowly construed.  *See In re Shingleton*, 2007 WL 2743503, at *3 (Bankr. D. Idaho Sept. 18, 2007).  Courts have applied Civil Rule 60(b)(6) only "to prevent manifest

ORDER - 5

injustice" and "only where extraordinary circumstances prevented a party from taking timely action." Civil Rule 60(b)(6); *Decembre v. Nations First Cap., LLC (In re Nations First Cap., LLC)*, 851 F. App'x 32, 34–35 (9th Cir. 2021) (quoting *Zurich Am. Ins. Co.*, 503 F.3d 933, 941 (9th Cir. 2007))). In other words, Civil Rule 60(b)(6) is used sparingly.

Here, while the Moving Parties argue manifest injustice will result from the Court's ruling, they do not make any assertions that would fall within this provision. They instead focus on their legal argument, arguing manifest injustice will result unless reconsideration is granted due to "Trustee's failure to address the valueless interest of the Estate in a time-barred claim, and the failure to address her rights to Settlement Funds, without an order entered under Rule 9019[.]" This merely repeats the legal arguments the Court has already addressed and denied.

Therefore, the Moving Parties' motion to reconsider, Doc. No. 70, is DENIED.

DATED: April 08, 2026

_____
NOAH G. HILLEN
Chief U.S. Bankruptcy Judge

ORDER - 6